838 F.2d 1222
Unpublished Disposition
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ray TURKS, Jr., Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 87-3536.
 United States Court of Appeals, Federal Circuit.
 Jan. 12, 1988.
 
 Before PAULINE NEWMAN, ARCHER, and MAYER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board, Docket No. SL07528710028, affirming the decision of the United States Postal Service, is affirmed.
 
 OPINION
 
 2
 Mr. Turks held the position of Postal Service Tractor Trailer Operator. He was discharged on the grounds that he had failed to operate his vehicle in a safe and proper manner, and had submitted a false accident report.
 
 
 3
 The administrative judge heard testimony of the Postal Service personnel who visited the scene shortly after the incident was reported and who had taken photographs, a nurse who saw Mr. Turks after the incident, and Mr. Turks himself. The administrative judge found that Mr. Turks drove his vehicle in an unsafe manner; that he was in a single-vehicle accident as charged; that he was under the influence of alcohol when he returned to the Post Office; and that he intentionally falsified the accident report.
 
 
 4
 The administrative judge found Mr. Turks' version of the accident, i.e., that his vehicle was struck by stones that were dropped from a highway overpass, "to be virtually devoid of evidentiary support, somewhat tainted by his admissions, and, most significantly, not very persuasive," and described the testimony of the Postal Service witnesses as "straight-forward". Credibility determinations are the province of the presiding official, Kumferman v Department of the Navy, 785 F.2d 286, 290 (Fed. Cir.1986), and must be sustained unless clearly unsupported.
 
 
 5
 The board held that Mr. Turks' misconduct affected the efficiency of the service and that the penalty of removal was reasonable in view of the seriousness of the offense. We have reviewed the submissions of the parties, and conclude that the decision of the board is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; or obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence.[1] 5 U.S.C. Sec. 7703(c) (1982).
 
 
 
 [1]
 The government asserts that because Mr. Turks has not provided this court with a transcript of the hearing, "he cannot now challenge the presiding official's findings of fact and the presiding official's for [sic] factual determinations should be accorded finality." No authority is cited for this restraint on an appellant. Mr. Turks' statutory burden may be harder to meet without a transcript, but his right to challenge the factual determinations is established by law